# EXHIBIT 1

**SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF PERMANENT INJUNCTION**
**Choice Hotels International, Inc. v. Show Hotel, Inc., et al.**
**U.S. District Court, Central District of California, Case No. 2:16-cv-06904**

This Settlement Agreement and Stipulation for Entry of Permanent Injunction (the "Agreement") is entered into by and between Choice Hotels International, Inc., on one hand, and Show Hotel, Inc., and Etour+, LLC, on the other hand.

## PART ONE – STIPULATED DEFINITIONS AND RECITALS

In consideration of the permanent injunction and dismissals called for herein, Choice Hotels International, Inc., Show Hotel, Inc., and Etour+, LLC stipulate to the following:

1.1     As used herein, the term "Choice Hotels" means and refers to Choice Hotels International, Inc., a Delaware corporation and plaintiff in the Lawsuit (as defined herein), and its authorized agents, employees, officers, directors, representatives, and assignees, respectively and collectively.

1.2     As used herein, the term "Show Hotel" means and refers to Show Hotel, Inc., a California corporation and defendant in the Lawsuit (as defined herein), and its authorized agents, employees, officers, directors, representatives, and assignees, respectively and collectively.

1.3     As used herein, the term "Etour+" means and refers to Etour+, LLC, an California limited liability company and defendant in the Lawsuit (as defined herein), and its authorized agents, employees, officers, directors, representatives, and assignees, respectively and collectively.

1.4     As used herein, the term "Defendants" means and refers to Show Hotel and Etour+, collectively.

1.5     Choice Hotels, Show Hotel, and Etour+ are sometimes referred to herein respectively as a "Party" or collectively as "the Parties."

1.6     As used herein, the term "Choice family of marks" refers to the following federally registered trademarks owned by Choice Hotels:

    1.6.1     Choice Hotels is the owner of United States Trademark Registration No. 3,449,297 for the mark "CAMBRIA SUITES + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

    1.6.2     Choice Hotels is the owner of United States Trademark Registration No. 3,435,884 for the mark "CLARION + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

1.6.3    Choice Hotels is the owner of United States Trademark Registration No. 3,050,866 for the mark "COMFORT INN + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

1.6.4    Choice Hotels is the owner of United States Trademark Registration No. 3,449,308 for the mark "COMFORT SUITES + Design" for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others, and online hotel and motel reservation services for others.

1.6.5    Choice Hotels is the owner of United States Trademark Registration No. 3,522,065 for the mark "ECONO LODGE + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

1.6.6    Choice Hotels is the owner of United States Trademark Registration No. 2,141,329 for the mark "MAINSTAY SUITES + Design" for franchising, namely offering technical assistance in the establishment and/or operation of hotels and motels and for making hotel and motel reservations for others.

1.6.7    Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 for the mark "Q QUALITY + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

1.6.8    Choice Hotels is the owner of United States Trademark Registration No. 1,414,585 for the mark "RODEWAY INN + Design" for use in connection with the provision of hotel and motel services.

1.6.9    Choice Hotels is the owner of United States Trademark Registration No. 3,449,309 for the mark "SLEEP INN + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

1.6.10    Choice Hotels is the owner of United States Trademark Registration No. 3,673,837 for the mark "SUBURBAN + Design" for use in connection with the provision of hotel services, hotel reservation services for others, and online hotel reservation services for others.

1.7    As used herein, the term "Websites" refers to websites and/or domain names owned and/or maintained by Defendants, including but not limited to "www.showhotel.com" and "www.etourplus.com."

1.8    A dispute has arisen between the Parties involving, among other things, Defendants unauthorized use of the Choice family of trademarks on their Websites and/or other advertising, resulting in the civil proceedings in *Choice Hotels International, Inc. v. Show Hotel, Inc., et al.,* U.S.

District Court, Central District of California, Case No. 2:16-cv-06904 (the "Lawsuit").  The Lawsuit and all claims asserted in or which could have been asserted by or between Choice and Defendants in the Lawsuit, are referred to collectively as the "Dispute."

1.9     Defendants acknowledge their use of the Choice family of marks was unauthorized.

1.10    Choice Hotels acknowledges that as of September 29, 2016, Defendants' unauthorized use of the Choice family of marks on the Websites had ceased.

1.11    As used herein, the term "the Court" refers to the U.S. District Court, Central District of California, as is presiding over the Lawsuit, including, where applicable, the magistrate judge assigned to the Lawsuit.

1.12    The Parties, and each of them, have agreed to resolve their differences relative to the Dispute upon the terms stated in this Agreement.

## PART TWO – TERMS OF SETTLEMENT

2.1     The Parties specifically acknowledge and agree that this Agreement is a compromise of disputed claims and that the Parties.  While Defendants acknowledge that their prior use of the Choice family of marks was unauthorized, the Parties deny all liability for any claims asserted against them, respectively, in the Lawsuit and/or the Dispute.

2.2     The Parties hereby stipulate to a Permanent Injunction in favor of Choice and against Defendants, jointly and severally, in a form substantively similar to Exhibit A to this Agreement.

2.3     Within five (5) business days of the receipt Defendants' execution of this settlement agreement, Choice Hotels shall file the Notice of Settlement and Stipulated Permanent Injunction attached hereto as Exhibit "B."

2.4     Within five (5) business days of the Court entering the stipulated Permanent Injunction, Choice Hotels, will file a Request for Dismissal of the Lawsuit, without prejudice.

2.5     Any notices to be given under this Agreement shall be made in writing, effective upon receipt, and shall be properly and effectively given for all purposes if delivered by hand, email, facsimile, first-class certified mail (return receipt required), or other receipted courier (such as Federal Express International), as follows:

If to Choice Hotels:    Timothy P. Lindell
                        tlindell@gordonrees.com
                        Fax:  619-696-7124

If to Defendants:       Carolina Richardson
                        carolinar@etourplus.com
                        Fax: (626)373-2829

        2.5.1        Any Party may change the above-listed representative and/or contact information by written notice to the other Party of the Party's intention to make such a change and of the new contact information, which must be full and complete.

        2.6        Each Party will bear its own attorney's fees and costs and all other expenses incurred in connection with the Lawsuit, and the negotiation and drafting of this Agreement.

### PART THREE – OTHER TERMS AND CONDITIONS

        3.1        This instrument contains the entire Agreement and understanding between the Parties and supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral in relation to the Lawsuit.  The Parties acknowledge that no Party nor any agent or attorney of any other Party has made any promise, representation or warranty, express or implied, not contained herein, concerning the subject matter of this Agreement to induce them to execute this Agreement.  The Parties further acknowledge that they are not executing this Agreement in reliance on any promise, representation or warranty not otherwise contained herein.  This Agreement may not be supplemented, modified, or amended in any manner, except by written agreement between the Parties.

        3.2        Each person executing this Agreement in a representative capacity warrants and represents that he or she is authorized to enter into and execute this Agreement on behalf of his or her respective Party, and that the appropriate corporate resolutions or other consents have been passed and/or obtained, granting such authority.  Upon execution, this Agreement will be fully binding and enforceable in accordance with its terms.  No other consents or approvals of any third parties are required or necessary for this Agreement to be so binding.

        3.3        Each of the Parties to this Agreement declares and represents that no Party has heretofore assigned, transferred, or granted or purported to assign, transfer, or grant any of the claims, demands, or rights that are the subject of this Agreement.

        3.4        This Agreement shall be construed as though all Parties have participated equally in its drafting.  All terms and conditions of this Agreement will be deemed enforceable to the fullest extent permissible under applicable law.  If a provision of this Agreement is held invalid under any applicable law, such invalidity will not affect any other provisions of this Agreement and such invalid provision will be deemed modified to the extent necessary to make it valid and enforceable or, if such provision cannot be so modified, it will be deemed deleted from this Agreement, and the rest of the Agreement shall be enforced as written.

        3.5        The Parties to this Agreement hereby acknowledge, declare, and represent that they are effectuating this settlement and executing this Agreement after having received full legal advice as to their rights from their respective chosen attorney; that they have freely assented to this settlement, which has not involved coercion, undue influence, or economic pressure; and, that the Parties hereto freely agree to this Agreement without reservations or doubts.

3.6       All of the terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, their respective agents, employees, officers, directors, attorneys, representatives, predecessors, divisions, subsidiaries, affiliates, shareholders, assigns, and successors in interest.

3.7       The U.S. District Court, Central District of California, shall retain jurisdiction over the enforcement of this Agreement and the Stipulated Permanent Injunction, and shall be the forum for all disputes relating to this Agreement.

3.8       This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same Agreement.   The Agreement shall not be binding, however, until all Parties have signed.   An electronically transmitted, executed signature page for the Agreement shall be deemed to be an original.

3.9       Each Party agrees to and will execute and deliver all further information and documents, and to cooperate and perform all additional actions, that may be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement and to give full force and effect to the terms and intent of this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed by the undersigned as of the day and year set forth below:

Dated this **23** day of December, 2016

Choice Hotels International, Inc.,
By its Authorized Representative:
Stuart Kreindler

Dated this ___ day of December, 2016

Show Hotel, Inc.,
By its Authorized Representative:
Carolina Richardson

Dated this ___ day of December, 2016

Etour+, LLC,
By its Authorized Representative:
Carolina Richardson

3.6     All of the terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, their respective agents, employees, officers, directors, attorneys, representatives, predecessors, divisions, subsidiaries, affiliates, shareholders, assigns, and successors in interest.

3.7     The U.S. District Court, Central District of California, shall retain jurisdiction over the enforcement of this Agreement and the Stipulated Permanent Injunction, and shall be the forum for all disputes relating to this Agreement.

3.8     This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same Agreement. The Agreement shall not be binding, however, until all Parties have signed. An electronically transmitted, executed signature page for the Agreement shall be deemed to be an original.

3.9     Each Party agrees to and will execute and deliver all further information and documents, and to cooperate and perform all additional actions, that may be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement and to give full force and effect to the terms and intent of this Agreement.

IN WITNESS WHEREOF, this Agreement has been executed by the undersigned as of the day and year set forth below:

Dated this ___ day of December, 2016

                                                       _____

Choice Hotels International, Inc.,
By its Authorized Representative:
Stuart Kreindler

Dated this 20 day of December, 2016

Show Hotel, Inc.,
By its Authorized Representative:
Carolina Richardson

Dated this 20 day of December, 2016

Etour+, LLC,
By its Authorized Representative:
Carolina Richardson

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation, | CASE NO.  2:16-cv-06904-VAP-AFM |
| Plaintiff, | Judge: Hon. Virginia A. Phillips |
| vs. | **[PROPOSED] STIPULATED PERMANENT INJUNCTION** |
| SHOW HOTEL, Inc., a California Corporation; Etour+, LLC,  a California Limited Liability Company; and DOES 1-100, | |
| Defendants. | |

This Court, makes the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A.    Plaintiff, Choice Hotels International, Inc. ("Choice Hotels" or "Plaintiff") filed suit against Defendants, Show Hotel, Inc. and Etour+, LLC (collectively "Defendants"), alleging that Defendants violated Choice Hotels'

trademark rights under 15 U.S.C. sections 1114, 1125 (a), (c), and (d), and California common law (the "Lawsuit");

B.      The Parties entered into a settlement agreement as of _____ (the "Settlement Agreement"), which required entry of the stipulated permanent injunction set forth herein;

For good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      For the purpose of binding preclusive effect on Defendants as to future disputes with respect to the Lawsuit and/or the Settlement Agreement between Defendants on the one hand and Choice Hotels on the other hand, and only for such purposes, Defendants admit the following:

a.      Choice Hotels is now, and has been at all times since the date of issuance the owner of the following United States Trademark Registration (collectively the "Marks") and of all rights thereto and thereunder:

i.   Choice Hotels is the owner of United States Trademark Registration No. 3,449,297 for the mark "CAMBRIA SUITES + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

ii.  Choice Hotels is the owner of United States Trademark Registration No. 3,435,884 for the mark "CLARION + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

iii. Choice Hotels is the owner of United States Trademark

Registration No. 3,050,866 for the mark "COMFORT INN + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

iv. Choice Hotels is the owner of United States Trademark Registration No. 3,449,308 for the mark "COMFORT SUITES + Design" for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others, and online hotel and motel reservation services for others.

v. Choice Hotels is the owner of United States Trademark Registration No. 3,522,065 for the mark "ECONO LODGE + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

vi. Choice Hotels is the owner of United States Trademark Registration No. 2,141,329 for the mark "MAINSTAY SUITES + Design" for franchising, namely offering technical assistance in the establishment and/or operation of hotels and motels and for making hotel and motel reservations for others.

vii. Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 for the mark "Q QUALITY + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for

8 of 10

others, and online hotel and motel reservation services for others.

viii.   Choice Hotels is the owner of United States Trademark Registration No. 1,414,585 for the mark "RODEWAY INN + Design" for use in connection with the provision of hotel and motel services.

ix.   Choice Hotels is the owner of United States Trademark Registration No. 3,449,309 for the mark "SLEEP INN + Design" for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others.

x.   Choice Hotels is the owner of United States Trademark Registration No. 3,673,837 for the mark "SUBURBAN + Design" for use in connection with the provision of hotel services, hotel reservation services for others, and online hotel reservation services for others.

b.   Defendants, by their actions described in the complaint in this action, have infringed upon Choice Hotels' Marks.

2.   Defendants, and those working on their behalf, including their owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners, are permanently enjoined from using the Marks and/or any confusingly similar terms (collectively, the "Injunction"), unless and until, Defendants are provided prior written approval from Choice Hotels for such use. In order to be valid, a prior written approval by Choice Hotels must include execution of such a document by an attorney employed within Choice Hotels' in-house legal department.

3.      Defendants are bound by the Injunction regardless of whether Choice Hotels assigns or licenses its intellectual property right to another for so long as such trademark rights are subsisting, valid, and enforceable.  The Injunction inures to the benefit of Choice Hotels' successors, assignees, and licensees.

4.      The Court's Magistrate Judge shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this Permanent Injunction, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

5.      The Parties waive any rights to appeal this Permanent Injunction.

It is **SO ORDERED.**

Dated:  December     , 2016

_____
Hon. Virginia A. Phillips
U.S. District Court for the Central
District of California